IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:13-CR-216 |
| | § | |
| JONATHAN MICHAEL LOMBARDI | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 21, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Jay Combs.

Jonathan Michael Lombardi was sentenced on May 13, 2014, before The Honorable Thad Hartfield of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of Ammunition, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Jonathan Michael Lombardi was subsequently sentenced to 41 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug treatment and testing; mental health treatment; a $100 special assessment and forfeiture of

REPORT AND RECOMMENDATION – Page 1

ammunition. On August 9, 2016, Jonathan Michael Lombardi completed his period of imprisonment and began service of the supervision term.

On December 8, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 46 Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) Defendant shall not unlawfully possess a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer. Defendant shall pay any cost associated with treatment and testing; and (6) Under the guidance and direction of the United States Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The Defendant shall pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted urine specimen on September 12, 2016, at Addiction Treatment Resources, McKinney, TX, which tested positive for methamphetamine. On September 28, 2016, he admitted verbally and in writing to using said drug on September 11, 2016. Alere Toxicology Services, Inc., confirmed positive specimen results; (2) Defendant submitted a urine specimen at the U.S. Probation Office on October 25, 2016, which tested positive for methamphetamine. He admitted verbally and in

writing to said drug use. Defendant submitted a urine specimen at the U.S. Probation Office on November 14, 2016, which tested positive for methamphetamine. He admitted verbally and in writing that he used said drug on November 12, 2016. Defendant submitted a urine specimen on November 16, 2016, at Addiction Treatment Resources, McKinney, TX, which tested positive for methamphetamine. Alere Toxicology Service, Inc., confirmed positive specimen results; (3) Defendant failed to submit his monthly supervision report by the 5th of the month for August, September and October 2016; (4) On November 10, 2016, supervision officer was informed by the Defendant's mother, Jean Lombardi, that he was not living at her residence located at 6050 Wolf Trail, Celina, TX 75009, as he reported. On November 14, 2016, during an office visit, the Defendant reported he had not lived at his mother's residence since the end of September 2016; (5) Defendant failed to report for drug testing on August 29, October 18, October 28, November 2, November 8 and December 2, 2016, as directed; and (6) Defendant failed to attend mental health treatment at Fletcher Counseling, Plano, TX, as directed on November 4, and November 11, 2016.

      Prior to the Government putting on its case, Defendant entered a plea of true to all of the allegations. Having considered the Petition and the plea of true to all of the allegations, the Court finds that Defendant did violate his conditions of supervised release as alleged in the Petition. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for four (4) months and fifteen (15) days followed by a term of supervised release of thirty-one (31) months and fifteen (15) days. As a special condition of supervision and upon release from custody, Defendant shall be released into the custody of his mother, Camille Lombardi, to be promptly delivered for assessment and admission into an in-patient treatment center. Defendant is not to leave the treatment center under any circumstances. Upon completion of a treatment program, the Defendant will reside with his mother unless otherwise authorized by his supervising officer and will be subject to a term of home confinement of four (4) months and fifteen (15) days. The Defendant shall notify the Court within thirty (30) days of release from custody if not accepted into an in-patient treatment center and thereupon Defendant shall be returned to the custody of the United States Marshal at the Fannin County Jail, or as otherwise directed.

The Court also recommends that Defendant be housed in the Bureau of Prisons Pollock, Louisiana facility, if appropriate.

**SIGNED this 19th day of January, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE